UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
IN RE:                                    )        CASE N0.  02-20214(ASD)
                                          )
GIRIDHAR AKKINENI,                        )        CHAPTER   7
                                          )
       DEBTOR                             )
----------------------------------------------------
MARY FUCHS,                               )
                                          )
       PLAINTIFF                          )        ADV. PRO. N0. 02-2175
v.                                        )
                                          )
GIRIDHAR AKKINENI,                        )
                                          )
       DEBTOR-DEFENDANT                   )
----------------------------------------------------
IRMA FERNANDEZ                            )
AS ADMINISTRATRIX                         )
OF THE ESTATE OF                          )
KATHERINE AUDIFIRE,                       )        ADV. PRO. NO. 02-2192
                                          )        (CONSOLIDATED WITH
       PLAINTIFF                          )        ADV. PRO. NO. 02-2175)[1]
                                          )
v.                                        )
                                          )
GIRIDHAR AKKINENI,                        )
                                          )
       DEBTOR-DEFENDANT                   )
----------------------------------------------------

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION TO WITHDRAW AS COUNSEL,
ORDER TO SHOW CAUSE
AND
ORDER SCHEDULING STATUS CONFERENCE**

---

[1]Adversary Proceedings 02-2175 and 02-2192, both a arising from a November 8, 1998, automobile accident, and being for all intents and purposes identical, were consolidated "for all purposes" – including, *inter alia*, trial. See *Order Re Motion to Consolidate*, ECF No. 24 (02-2175).

Albert S. Dabrowski, Chief United States Bankruptcy Judge

## I. INTRODUCTION

On November 1, 2013, Charles D. O'Hara Jr., the attorney for Mary Fuchs, one of the two Plaintiffs in these consolidated non-dischargeability proceedings,[2] filed a *Motion to Withdraw Appearance* (hereinafter, the "Motion"), ECF No. 129,[3] seeking to withdraw as counsel. The Motion came before the Court for a hearing on November 21, 2013 (hereinafter, the "Hearing on the Motion to Withdraw") at which Attorney O'Hara and Attorney Peter L. Ressler, attorney for the Debtor-Defendant, Giridhar Akkineni (hereinafter, the "Debtor"), appeared. For the reasons stated hereinafter, the Motion shall be denied. Moreover, as discussed hereinafter, and as it appears that the "law of these proceedings" *may* preclude the Plaintiffs from obtaining relief, and to further the fair, expeditious and economical resolution of these proceedings, an order (i) requiring the Plaintiffs to show cause as to why these proceedings should not be dismissed, and (ii) requiring all parties through counsel to attend a status conference shall enter. *See* Bankruptcy Code §105(d).

## II. BACKGROUND

### *A. The Underlying Debt*

The following description of the facts underlying the relevant debt is taken almost

---

[2] Three other related Adversary Proceedings arising from the same automobile accident have been dismissed. (Adversary Proceeding Nos. 02-2195, 02-2196 and 02-2198, dismissed on July 3, 2007, March 11, 2003 and July 7, 2007, respectively). In each case a Dismissal Order entered following notice and a hearing on a Court's Notice captioned *District Court Local Rule 41(a) and 41(b) and Local Bankruptcy Rule 7041-1* providing, inter alia, "No action has been taken . . . for six months. Unless some action is taken within twenty (20) days from the date of this Notice, or a satisfactory explanation of why it should not be dismissed, the proceeding will be dismissed after notice and a hearing." *See, e.g.* Adversary Proceeding No. 02-2198, ECF No. 26.

[3] "ECF No. __" refers to the docket of Adversary Proceeding No. 02-2175, unless otherwise indicated.

verbatim from Bankruptcy Judge Robert L. Krechevsky's Summary Judgment Ruling discussed hereinafter familiarity with which is presumed.

The debt at issue in these proceedings springs from a settlement agreement (hereinafter, the "Settlement"), signed on May 30, 2000, between the Debtor and the claimants, including the Plaintiff, injured in an automobile collision caused by the Debtor. The Settlement states, in relevant part:

> On November 8, 1998, Akkineni. . . .crashed into a car driven by Mary Fuchs . . . . As a result of the crash, [the plaintiff and other occupants of her car] suffered severe personal injuries and [one] died as a result. . . . Akkineni agrees that he was the driver of the car . . . which struck the car driven by Mary Fuchs, and that he was negligent in the operation of his motor vehicle.

Under the Settlement, the Debtor was to pay the Plaintiff a total of $125,000. The Debtor was to pay 25% of his net pay, which amount was to be distributed pro rata among the claimants, with a balloon payment due at the end of 10 years.

As part of the Settlement, the Debtor signed a document entitled "Stipulation Regarding Dischargeability of Certain Claimants Re: Akkineni" (hereinafter, the "Stipulation"), which stated, in relevant part:

> Giridhar Akkineni hereby stipulates and agrees that the claims of the following persons [including the Plaintiff] who were injured in an automobile accident on November 8, 1998, at approximately 2:00 a.m. were the result of injuries sustained in this accident caused by him and which was the result of his wanton and willful speeding far in excess of the posted speed limit and that he knew or should have known that such excessive speed could cause death and injury to others. . . .

As a further consequence of the collision, the Debtor pled guilty in state court to criminal charges of negligent homicide with a motor vehicle and four counts of assault in the third degree. The latter is defined in Conn. Gen. Stat. §53a-61(a), as follows:

> (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical

3

injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

The Debtor received a three-year suspended sentence and three years probation, with a suspension of his driving privileges.

## *B. The Bankruptcy Case and Adversary Proceedings*

.      On January 24, 2002, the Debtor commenced the above-captioned bankruptcy case by the filing of a petition under Chapter 7 of the United States Bankruptcy Code.

On March 26, 2002, Mary Fuchs (hereinafter, "Fuchs") commenced Adversary Proceeding No. 02-2175 by the filing of a complaint against the Debtor seeking a determination that her claim is nondischargeable as a debt for willful and malicious injury pursuant to Bankruptcy Code §523(a)(6).  On October 7, 2005, Fuchs filed an amended complaint adding (1) §523(a)(7) (debt for fine or penalty) and (2) equitable estoppel, as grounds for an exception to discharge.

On April 15, 2002, Irma Fernandez as Administratrix of the Estate of Katherine Audifire (hereinafter, "Fernandez") commenced Adversary Proceeding No. 02-2192 by the filing of a complaint against the Debtor seeking a determination that her claim is nondischargeable as a debt for willful and malicious injury pursuant to Bankruptcy Code §523(a)(6).  On October 7, 2005, Fernandez filed an amended complaint (hereafter, together with the amended complaint in Adversary Proceeding No. 02-2175, the "Complaints") adding (1) §523(a)(7) (debt for fine or penalty) and (2) equitable estoppel, as grounds for an exception to discharge.

A mediation effort commenced October 29, 2002 (hereinafter, the "First Mediation"), *see* Approval of *Stipulation for Reference to Mediation*, ECF No. 11, but was reported by

the mediator as unsuccessful on August 5, 2005.[4] *See Mediator's Certificate*, ECF No.12.

### C. The Motion for Summary Judgment and Order Scheduling Status Conference

On April 3, 2006, Fuchs filed a *Motion for Summary Judgment*, accompanied by her memorandum of law and supporting documentation. ECF No. 35. The unopposed Motion for Summary Judgment was denied by a ruling entered May 22, 2006, by United States Bankruptcy Judge Robert L. Krechevsky.[5] *Ruling Denying Plaintiff's Motion for Summary Judgment* (hereinafter, the "Summary Judgment Ruling"), ECF No. 37. As noted by the undersigned judge in an *Order Scheduling Status Conference*, pp. 3-4, ECF No. 69, "Judge Krechevsky denied the Plaintiff's request for summary judgment in a manner which appears fatal to the successful prosecution of two of the three claims in the Complaints", by his determinations that (i) "*the debt at issue is not within the ambit of §523(a)(7)*" (fatal to the claim for relief under Bankruptcy Code §523(a)(7)), and (ii) "*the doctrine of equitable estoppel is inapplicable*" (fatal to the claim for relief based on equitable estoppel). *Id.* (quoting Summary Judgment Ruling at 6-7).

In connection with the third and remaining claim, the claim for relief under Bankruptcy Code §523(a)(6), the undersigned judge, in the Order Scheduling Status Conference, noted that the Summary Judgment Ruling constituted the law of the present proceedings, and was "*possibly* fatal to [that claim]". Order Scheduling Status Conference, at 3-4 (emphasis added)[6] More specifically, the undersigned judge observed:

---

[4]Between October 29, 2002, and August 5, 2005, these consolidated proceedings were stayed pending completion of the First Mediation.

[5]The bankruptcy case and related Adversary Proceedings were transferred to the undersigned judge upon Judge Krechevsky's retirement effective August 31, 2008.

[6]In the Summary Judgment Ruling, Judge Krechevsky found that "*[o]n the basis of the facts submitted* by the plaintiff [in the Motion for Summary Judgment], the court concludes that she is not entitled, as a matter of law, to a judgment of nondischargeability under §523(a)(6). Summary Judgment Ruling at 5 (emphasis added).

5

"[t]he plaintiff's [Fuchs] statement of facts and supporting documentation are not sufficient to establish that the debtor drove as he did on the night of the collision for the purpose of causing injury to others", the Plaintiff Fuchs (and it appears the Plaintiff Fernandez as well) cannot prevail on their claims under Section 523(a)(6) *unless* additional facts are offered and admitted at trial consistent with the requisite intent of <u>Kawaauhau v. Geiger</u>.[7]

Order Scheduling Status Conference at 4 (quoting Summary Judgment Ruling at 5).

Notwithstanding the May 22, 2006 Summary Judgment Ruling fatal to two of the Plaintiff's claims, and possibly, indeed, likely, fatal to the Plaintiffs' third claim, the Debtor has not filed a cross-motion for summary judgment, a motion for summary judgment, a motion for dismissal, or taken any other action to effect a dismissal of the proceedings or any of the claims therein.

In accordance with the above, the Court ordered a status conference, pursuant to Section 105(d) of the Bankruptcy Code, and scheduled a hearing for January 28, 2010 (hereinafter, the "Show Cause Hearing", with counsel for the Plaintiffs directed to:

> (i) show cause as to why this Court should not dismiss their claims under Section 523(a)(7), and based upon the doctrine of equitable estoppel, and
>
> (ii) make a proffer as to what evidence, if any, *in addition to that presented in the Plaintiff Fuch's motion for summary judgment*, related statement of facts and supporting documentation, will be offered at trial to satisfy the requisite level of intent regarding a claim under Section 523(a)(6) as set forth in *Kawaauhau v. Geiger* . . .[8]

Order Scheduling Status Conference, p. 5 (emphasis and footnote added).

The Show Cause Hearing was continued to February 11, 2010, at which time an

---

[7] While neither "willful" and/or "malicious" conduct is defined by the Bankruptcy Code, the United States Supreme Court has clarified that Section 523(a)(6) renders non-dischargeable "only acts done *with actual intent to cause injury*," not merely "acts, done intentionally, that cause injury". *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998) (emphasis added).

[8] If no additional facts are proffered in support of the claim for relief under §523(a)(6), the Plaintiff cannot prevail in these proceedings. *See Kawaauhau v. Geiger*, *supra,* 523 U.S. at 61-64; *see also Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 544 (Bankr. E.D.Tenn. 2002) (holding that §523(a)(6) did not except from discharge a judgment debt for injuries caused by debtor who "intentionally drove his car in an irresponsible and unjustified manner at high speeds while intentionally racing on a winding mountain road" where debtor was not shown to have done so for the purpose of injuring the plaintiffs)."

6

oral request to depose the Debtor was granted, the Show Cause Hearing was marked off, and trial was scheduled for October 4, 2010. The Court subsequently granted three requests filed by the Plaintiffs to amend Pretrial Orders to, *inter alia,* "allow for the completion of discovery", *Motion to Amend Pre-Trial Order(s)*, ECF Nos. 75, 78, 83, and "so that the parties may mediate the matter". ECF No.83. *Inter alia*, on September 8, 2011, an Amended Pretrial Order entered scheduling trial for March 12, 2012. ECF No. 86.

At the request of the parties, these consolidated adversary proceedings were again stayed as of September 16, 2011, *see* Approval of *Stipulation for Reference to Mediation* (hereinafter, the "Second Mediation Order"), ECF No. 90, to provide the opportunity for a Second Mediation. At the Hearing on the Motion to Withdraw counsel for Plaintiff Fuchs, and counsel for the Debtor, reported that a "continuation" of the Second Mediation would be fruitless. Following that Hearing and upon inquiry by the Court of the designated mediator, that mediator orally reported that not only had no progress been made, but that she had not yet even set a date for the parties to meet with her because they had been unable to agree on the date for an initial meeting.[9] With all efforts at mediation obviously stalemated from the outset, and the Second Mediation having been "pending" for over two years, the Court shall terminate the stay of proceedings set forth in the Second Mediation Order.

### D. The Motion to Withdraw as Counsel

The Motion is not specific as to the reason for the withdrawal. However, at the Hearing on the Motion for Withdrawal counsel for Fuchs cited the "evolution of the law of the case" with specific reference to the Judge Krechevsky's Summary Judgment Ruling,[10]

---

[9]The Second Mediation Order provided for a "date to be set by the mediator" who appears to have elected to set that date only with an agreement of the parties.

[10]Counsel for Fuchs also stated that continuation of the case posed "a financial burden", although qualifying that reason as "not primary".

7

and the undersigned judge's recognition of the Summary Judgment Ruling as the law of the case in the Status Conference Order.

The Court notes that in compliance with D. Conn. L.Civ. R. 7(e) counsel attached to the Motion as Exhibit A a "Notice to Mary Fuchs" advising her, *inter alia*, to obtain another attorney or file a *pro se* appearance, and that should she fail to do so a "dismissal, nonsuit or default judgment may be rendered against you." Exhibit A, ¶5. At the Hearing counsel acknowledged that due to the circumstances of the proceeding it was "not probable" that new counsel would enter the case.

### III. BRIEF DISCUSSION, SUMMARY AND ORDER

These proceedings have meandered through discovery, pretrial hearings, and two prolonged but unsuccessful opportunities for mediations, long enough. The mediation sessions, during which little, if anything, has been accomplished, collectively consumed and stayed these proceedings for over five years. Permitting counsel for Fuchs to withdraw under the circumstances set forth herein, is nearly certain to leave Fuchs unable to retain new counsel, and facing a daunting and extremely difficult burden.

While it is now very likely that the Plaintiffs will be unable to show cause as to why this Court should not dismiss their claims under Section 523(a)(7), and under the doctrine of equitable estoppel, and/or proffer "additional evidence" to satisfy the requisite level of intent regarding their claims under Section 523(a)(6) as set forth in *Kawaauhau v. Geiger,* neither Plaintiff has had that opportunity as provided for in the original Status Conference Order. And while, as already noted, a "failure to proffer additional evidence" will very likely be the case, the Court is not positioned to actually make that finding upon the present record.

Moreover, fairness, equity and considerations of the integrity and confidence in the judicial process, require that the end to these proceedings in a manner adverse to the

Plaintiff Fuchs not be the product of her being prejudiced and left stranded by the departure of counsel with over ten years invested in the case.

Accordingly, and in light of the above

**IT IS HEREBY ORDERED** that the Motion to Withdraw is **DENIED**, and

**IT IS FURTHER ORDERED** that the stay of proceedings set forth in the Second Mediation Order is **TERMINATED**,[11] and

**IT IS FURTHER ORDERED** that the status conference, pursuant to Section 105(d) of the Bankruptcy Code, and a the hearing to address, the fair, expeditious and economical resolution of the Complaint(s), as previously scheduled in the Order Scheduling Status Conference, is **RESCHEDULED** as modified hereinafter and will be held on **Thursday, January 9, 2014 at 11:30 a.m.** at the United States Bankruptcy Court, 450 Main Street, 7th Floor, Hartford, Connecticut (hereinafter, the "January 9 Hearing"), and

**IT IS FURTHER ORDERED** that the following attorneys shall appear at the January 9 Hearing:

>   Charles D. O'Hara, Jr., Esq., Counsel for Plaintiff Fuchs,
>   Walter A. Shalvoy, Jr., Esq., Counsel for Plaintiff Fernandez[12],
>   Peter L. Ressler, Esq., Counsel for Debtor-Defendant Akkineni,[13]

and

**IT IS FURTHER ORDERED** that at the January 9 Hearing counsel for the Plaintiffs Fuchs and Fernandez shall be prepared to

>   (i) show cause as to why this Court should not dismiss their claims under Section 523(a)(7), and based upon the doctrine of equitable estoppel, and
>
>   (ii) make a proffer as to what evidence, if any, in addition to that presented

---

[11]The parties are free to pursue, and are encouraged to pursue, mediation pursuant to the Second Mediation Order but will now do so without further delay to the formal resolution of these proceedings.

[12]Per Appearance and Request for Notice filed March 17, ECF No. 82 (substituting for Edward V. Walsh, Esq .).

[13]Per Appearance and Request for Notice filed July 26, 2010, ECF No.74.

9

in the Plaintiff Fuch's motion for summary judgment, related statement of facts and supporting documentation, will be offered at trial to satisfy the requisite level of intent regarding their claims under Section 523(a)(6) as set forth in *Kawaauhau v. Geiger*, and

(iii) in the event of an absence of a proffer of "additional evidence" beyond that presented in the Summary Judgment Motion as provided for in subparagraph (ii), above, show cause as to why this Court should not dismiss their claims under Section 523(a)(6).

**IT IS FURTHER ORDERED** that the failure to show cause and/or proffer additional evidence as required in the immediately preceding decretal paragraph may result in the dismissal of any or all of the claims in these proceedings or other action as determined appropriate by the Court, and

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of this Memorandum of Decision and Order on

Charles D. O'Hara, Jr., Esq., Counsel for Plaintiff Fuchs,

Mary Fuchs (Plaintiff in Adversary Proceeding No. 02-2175),

Walter A. Shalvoy, Jr., Esq., Counsel for Plaintiff Fernandez,

Irma Fernandez as Administratrix of the Estate of Katherine Audifire (Plaintiff in Adversary Proceeding No. 02-2192),

Peter L. Ressler, Esq., Counsel for Debtor-Defendant Akkineni, and

Giridhar Akkineni, the Debtor-Defendant, and.

**IT IS FURTHER ORDERED** that the Clerk shall enter this Memorandum of Decision and Order in Adversary Proceeding No. 02-2175 and Adversary Proceeding No. 02-2192.

Dated: December 12, 2013                                              BY THE COURT



Albert S. Dabrowski
Chief United States Bankruptcy Judge